Anthony J. Fernandez (Bar No. 018342)
Ellen B. Burno (Bar No. 033130)
**QUINTAIROS, PRIETO, WOOD & BOYER, P.A.**
2390 E. Camelback Road, Suite 440
Phoenix, Arizona 85016
Telephone: (602) 954-5605
Facsimile: (602) 954-5606
afernandez@qpwblaw.com
ellen.burno@qpwblaw.com
*Attorneys for Defendants*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Shalek E. Modee,<br><br>  Plaintiff,<br><br>  v.<br><br>Corizon Health, Inc., et al.<br><br>  Defendants. | Case No.: 2:19-cv-00406-DLR-JFM<br><br>**DEFENDANTS CORIZON, RYAN AND DEMERY'S ANSWER TO PLAINTIFF'S COMPLAINT**<br><br>**AND**<br><br>**DEMAND FOR JURY TRIAL**<br><br>(Assigned to the Honorable Douglas L. Rayes) |

Defendants Corizon Health, Inc.[1], Charles Ryan[2], and Carrie Demery, HSA ("Answering Defendants"), by and through undersigned counsel, hereby answer Plaintiff's Complaint filed January 28, 2019, as follows:

## A. JURISDICTION

1. Answering Defendants herein admit that this Court has jurisdiction over this matter pursuant to 42 U.S.C. § 1983. However, Answering Defendants deny any and all allegations of liability or damages contained in paragraph 1.

2. Answering paragraph 2 of the "Jurisdiction" section, the statements contained therein do not require a response from Answering Defendants. Answering Defendants aver that Plaintiff was in ADC custody during the timeframe of the events

---

[1] Plaintiff failed to list Corizon Health, Inc. as a named Defendant in section "B. Defendants" on pg. 2 or the pages identified as 2-A and 2-B. Per the Court's May 14, 2019 Screening Order (Doc. 9) Corizon Health, Inc. was ordered to respond so Defendant Corizon has done so in this Answer.

[2] Per this Court's May 14, 2019 Scheduling Order (Doc. 9) Defendant Ryan is answering Plaintiff's Complaint in his official capacity.

alleged. Answering Defendants deny the balance of the allegations therein, including that any alleged "violation" occurred.

### B. DEFENDANTS

3. Answering paragraph 1 of the "Defendants" section, this paragraph does not require a response from Answering Defendants. To the extent that a response may be required, the allegations contained in paragraph 1 are denied.

4. Answering paragraph 2 of the "Defendants" section, this paragraph does not require a response from Answering Defendants. To the extent that a response may be required, the allegations contained in paragraph 2 are denied.

5. Answering paragraph 3 of the "Defendants" section, this paragraph does not require a response from Answering Defendants. Pursuant to the Court's May 14, 2019 Order (Doc. 9) Defendant Cinquanta has been dismissed. To the extent that a response may be required, the allegations contained in paragraph 3 are denied.

6. Answering paragraph 4 of the "Defendants" section, this paragraph does not require a response from Answering Defendants. To the extent that a response may be required, the allegations contained in paragraph 4 are denied.

### C. PREVIOUS LAWSUITS

7. The paragraphs in this section do not require a response by Answering Defendants.[3]

### DEFENDANTS CONT. (page identified as 2-A)

8. Answering paragraph 5 of the "Defendants" section on the page identified as 2-A, this paragraph does not require a response from Answering Defendants. Pursuant to the Court's May 14, 2019 Order (Doc. 9) Defendant Morales has been dismissed. To the extent that a response may be required, the allegations contained in paragraph 5 are denied.

---

[3] Answering Defendants do not waive the right to relief under 28 U.S.C. §1915 (g).

2

9. Answering paragraph 6 of the "Defendants" section on the page identified as 2-A, this paragraph does not require a response from Answering Defendants. To the extent that a response may be required, the allegations contained in paragraph 6 are denied.

10. Answering paragraph 7 of the "Defendants" section on the page identified as 2-A, Defendant Carrie Demery admits she was formerly employed by Corizon Health, Inc. as a Health Services Administrator. Answering Defendants deny any and all allegations of liability or damages contained in this paragraph.

11. Answering paragraph 8 of the "Defendants" section on the page identified as 2-A, this paragraph does not require a response from Answering Defendants. To the extent that a response may be required, the allegations contained in paragraph 8 are denied.

12. Answering paragraph 9 of the "Defendants" section on the page identified as 2-A, this paragraph does not require a response from Answering Defendants. To the extent that a response may be required, the allegations contained in paragraph 9 are denied.

13. Answering paragraph 10 of the "Defendants" section on the page identified as 2-A, this paragraph does not require a response from Answering Defendants. To the extent that a response may be required, the allegations contained in paragraph 10 are denied.

14. Answering paragraph 11 of the "Defendants" section on the page identified as 2-A, this paragraph does not require a response from Answering Defendants. Pursuant to the Court's May 14, 2019 Order (Doc. 9) Defendant Bainbridge has been dismissed. To the extent that a response may be required, the allegations contained in paragraph 11 are denied.

15. Answering paragraph 12 of the "Defendants" section on the page identified as 2-A, this paragraph does not require a response from Answering Defendants. Pursuant to the Court's May 14, 2019 Order (Doc. 9) Defendant Anderson has been dismissed. To the extent that a response may be required, the allegations contained in paragraph 12 are denied.

16. Answering paragraph 13 of the "Defendants" section on the page identified as 2-A, this paragraph does not require a response from Answering Defendants. To the extent that a response may be required, the allegations contained in paragraph 13 are denied.

17. Answering paragraph 14 of the "Defendants" section on the page identified as 2-A, this paragraph does not require a response from Answering Defendants. To the extent that a response may be required, the allegations contained in paragraph 14 are denied.

18. Answering paragraph 15 of the "Defendants" section on the page identified as 2-A, this paragraph does not require a response from Answering Defendants. To the extent that a response may be required, the allegations contained in paragraph 15 are denied.

19. Answering paragraph 16 of the "Defendants" section on the page identified as 2-A, this paragraph does not require a response from Answering Defendants. To the extent that a response may be required, the allegations contained in paragraph 16 are denied.

20. Answering paragraph 17 of the "Defendants" section on the page identified as 2-A, this paragraph does not require a response from Answering Defendants. To the extent that a response may be required, the allegations contained in paragraph 17 are denied.

21. Answering paragraph 18 of the "Defendants" section on the page identified as 2-A, this paragraph does not require a response from Answering Defendants. Pursuant to the Court's May 14, 2019 Order (Doc. 9) Defendant Salyer has been dismissed. To the extent that a response may be required, the allegations contained in paragraph 18 are denied.

22. Answering paragraph 19 of the "Defendants" section on the page identified as 2-A, this paragraph does not require a response from Answering Defendants. Pursuant to the Court's May 14, 2019 Order (Doc. 9) Defendant Wilkinson has been dismissed. To

the extent that a response may be required, the allegations contained in paragraph 19 are denied.

23. Answering paragraph 20 of the "Defendants" section on the page identified as 2-A, Defendant Charles Ryan admits that he was employed at the relevant time as the Director of the Arizona Department of Corrections. Answering Defendants deny any and all allegations of liability or damages contained in this paragraph.

24. Answering paragraph 21 of the "Defendants" section on the page identified as 2-B, this paragraph does not require a response from Answering Defendants. Pursuant to the Court's May 14, 2019 Order (Doc. 9) Defendant Pratt has been dismissed. To the extent that a response may be required, the allegations contained in paragraph 21 are denied.

25. Answering paragraph 22 of the "Defendants" section on the page identified as 2-B, this paragraph does not require a response from Answering Defendants. To the extent that a response may be required, the allegations contained in paragraph 22 are denied.

26. Answering paragraph 23 of the "Defendants" section on the page identified as 2-B, this paragraph does not require a response from Answering Defendants. Pursuant to the Court's May 14, 2019 Order (Doc. 9) Defendant Perez has been dismissed. To the extent that a response may be required, the allegations contained in paragraph 23 are denied.

27. Answering paragraph 24 of the "Defendants" section on the page identified as 2-B, this paragraph does not require a response from Answering Defendants. Pursuant to the Court's May 14, 2019 Order (Doc. 9) Defendant Omarro has been dismissed. To the extent that a response may be required, the allegations contained in paragraph 24 are denied.

28. Answering paragraph 25 of the "Defendants" section on the page identified as 2-B, this paragraph does not require a response from Answering Defendants. To the

1  extent that a response may be required, the allegations contained in paragraph 25 are
2  denied.
3     29.   Answering paragraph 26 of the "Defendants" section on the page identified
4  as 2-B, this paragraph does not require a response from Answering Defendants. Pursuant
5  to the Court's May 14, 2019 Order (Doc. 9) Defendant Pectrol has been dismissed. To the
6  extent that a response may be required, the allegations contained in paragraph 26 are
7  denied.
8     30.   Answering paragraph 27 of the "Defendants" section on the page identified
9  as 2-B, this paragraph does not require a response from Answering Defendants. Pursuant
10 to the Court's May 14, 2019 Order (Doc. 9) Defendant Ping has been dismissed. To the
11 extent that a response may be required, the allegations contained in paragraph 27 are
12 denied.
13    31.   Answering paragraph 28 of the "Defendants" section on the page identified
14 as 2-B, this paragraph does not require a response from Answering Defendants. Pursuant
15 to the Court's May 14, 2019 Order (Doc. 9) Defendant McCullan has been dismissed. To
16 the extent that a response may be required, the allegations contained in paragraph 28 are
17 denied.
18    32.   Answering paragraph 29 of the "Defendants" section on the page identified
19 as 2-B, this paragraph does not require a response from Answering Defendants. To the
20 extent that a response may be required, the allegations contained in paragraph 29 are
21 denied.
22    33.   Answering paragraph 30 of the "Defendants" section on the page identified
23 as 2-B, this paragraph does not require a response from Answering Defendants. Pursuant
24 to the Court's May 14, 2019 Order (Doc. 9) Defendant Miller has been dismissed. To the
25 extent that a response may be required, the allegations contained in paragraph 30 are
26 denied.
27    34.   Answering paragraph 31 of the "Defendants" section on the page identified
28 as 2-B, this paragraph does not require a response from Answering Defendants. To the

extent that a response may be required, the allegations contained in paragraph 31 are denied.

35. Answering paragraph 32 of the "Defendants" section on the page identified as 2-B, this paragraph does not require a response from Answering Defendants. Pursuant to the Court's May 14, 2019 Order (Doc. 9) Defendant Noriega has been dismissed. To the extent that a response may be required, the allegations contained in paragraph 32 are denied.

36. Answering paragraph 33 of the "Defendants" section on the page identified as 2-B, this paragraph does not require a response from Answering Defendants. To the extent that a response may be required, the allegations contained in paragraph 33 are denied.

37. Answering paragraph 34 of the "Defendants" section on the page identified as 2-B, this paragraph does not require a response from Answering Defendants. Pursuant to the Court's May 14, 2019 Order (Doc. 9) Unknown Defendants of Corizon Health Staffing; the Arizona Department of Corrections Staffing; for/at Eyman Meadows Unit have been dismissed. To the extent that a response may be required, the allegations contained in paragraph 34 are denied.

38. Answering paragraph 35 of the "Defendants" section on the page identified as 2-B, this paragraph does not require a response from Answering Defendants. To the extent that a response may be required, the allegations contained in paragraph 35 are denied.

## D. CAUSE OF ACTION

### COUNT I

39. Answering paragraphs 1 and 2 in the "Count II" section, Answering Defendants deny any and all allegations contained therein, including that any of Plaintiff's rights were "violated."

40. Answering unnumbered paragraph and paragraph 1 in the "Supporting Facts" section on page 3, Answering Defendants aver that the records speak for themselves as to

Plaintiff's medical care and conditions. To the extent that this paragraph contains assertions that are not addressed within the records, they are herein denied. Answering Defendants herein deny that they, their agents or their employees deprived Plaintiff of his civil rights and further deny any and all allegations of liability or damages against them under any state, federal or common law. Answering Defendants further deny the existence of any policy, custom or practice amounting to deliberate indifference.

41. Answering the "Injury" section, found on page 3, Answering Defendants deny any and all allegations contained therein.

42. Answering the "Administrative Remedies" section, found on page 3, Answering Defendants admit that there are administrative remedies available to inmates who are incarcerated within the Arizona Department of Corrections according to the process and timeline specified in Arizona Department of Corrections Department Order 802. Answering Defendants deny the allegations contained therein with respect to Plaintiff's alleged grievances.

43. Answering paragraphs 2, 3, 4, 5 and 6 of the "Supporting Facts" continued on page identified as "3-A," Answering Defendants aver that the records speak for themselves as to Plaintiff's medical care and conditions. To the extent that these paragraphs contain assertions that are not addressed within the records, they are herein denied. Answering Defendants herein deny that they, their agents or their employees deprived Plaintiff of his civil rights and further deny any and all allegations of liability or damages against them under any state, federal or common law. Answering Defendants further deny the existence of any policy, custom or practice amounting to deliberate indifference.

44. Answering paragraphs 7, 8, 9, 10, 11 and 12 of the "Supporting Facts" continued on page identified as "3-B," Answering Defendants aver that the records speak for themselves as to Plaintiff's medical care and conditions  To the extent that these

8

paragraphs contain assertions that are not addressed within the records, they are herein denied. Answering Defendants herein deny that they, their agents or their employees deprived Plaintiff of his civil rights and further deny any and all allegations of liability or damages against them under any state, federal or common law. Answering Defendants further deny the existence of any policy, custom or practice amounting to deliberate indifference.

45. Answering paragraphs 13, 14, 15, 16, 17, 18 and 19 of the "Supporting Facts" continued on page identified as "3-C," Answering Defendants aver that the records speak for themselves as to Plaintiff's medical care and conditions  To the extent that these paragraphs contain assertions that are not addressed within the records, they are herein denied. Answering Defendants herein deny that they, their agents or their employees deprived Plaintiff of his civil rights and further deny any and all allegations of liability or damages against them under any state, federal or common law. Answering Defendants further deny the existence of any policy, custom or practice amounting to deliberate indifference.

46. Answering paragraphs 20, 21, 22, 23, 24, 25, 26 and 27 of the "Supporting Facts" continued on page identified as "3-D," Answering Defendants aver that the records speak for themselves as to Plaintiff's medical care and conditions  To the extent that these paragraphs contain assertions that are not addressed within the records, they are herein denied. Answering Defendants herein deny that they, their agents or their employees deprived Plaintiff of his civil rights and further deny any and all allegations of liability or damages against them under any state, federal or common law. Answering Defendants further deny the existence of any policy, custom or practice amounting to deliberate indifference.

47. Answering paragraphs 28, 29, 30, 31, 32 and 33 of the "Supporting Facts"

continued on page identified as "3-E," Answering Defendants aver that the records speak for themselves as to Plaintiff's medical care and conditions  To the extent that these paragraphs contain assertions that are not addressed within the records, they are herein denied.  Answering Defendants herein deny that they, their agents or their employees deprived Plaintiff of his civil rights and further deny any and all allegations of liability or damages against them under any state, federal or common law.  Answering Defendants further deny the existence of any policy, custom or practice amounting to deliberate indifference.

48.    Answering paragraphs 34, 35, 36, 37, 38 and 39 of the "Supporting Facts" continued on page identified as "3-F," Answering Defendants aver that the records speak for themselves as to Plaintiff's medical care and conditions  To the extent that these paragraphs contain assertions that are not addressed within the records, they are herein denied.  Answering Defendants herein deny that they, their agents or their employees deprived Plaintiff of his civil rights and further deny any and all allegations of liability or damages against them under any state, federal or common law.  Answering Defendants further deny the existence of any policy, custom or practice amounting to deliberate indifference.

49.    Answering paragraphs 39 continued, 40, 41, 42, 43, 44 and 45 of the "Supporting Facts" continued on page identified as "3-G," Answering Defendants aver that the records speak for themselves as to Plaintiff's medical care and conditions  To the extent that these paragraphs contain assertions that are not addressed within the records, they are herein denied.  Answering Defendants herein deny that they, their agents or their employees deprived Plaintiff of his civil rights and further deny any and all allegations of liability or damages against them under any state, federal or common law.  Answering Defendants further deny the existence of any policy, custom or practice amounting to

deliberate indifference.

50. Answering paragraphs 46, 47, 48, 49 and 50 of the "Supporting Facts" continued on page identified as "3-H," Answering Defendants aver that the records speak for themselves as to Plaintiff's medical care and conditions To the extent that these paragraphs contain assertions that are not addressed within the records, they are herein denied. Answering Defendants herein deny that they, their agents or their employees deprived Plaintiff of his civil rights and further deny any and all allegations of liability or damages against them under any state, federal or common law. Answering Defendants further deny the existence of any policy, custom or practice amounting to deliberate indifference.

51. Answering paragraphs 51, 52, 53, 54, 55, 56 and 57 of the "Supporting Facts" continued on page identified as "3-I," Answering Defendants aver that the records speak for themselves as to Plaintiff's medical care and conditions To the extent that these paragraphs contain assertions that are not addressed within the records, they are herein denied. Answering Defendants herein deny that they, their agents or their employees deprived Plaintiff of his civil rights and further deny any and all allegations of liability or damages against them under any state, federal or common law. Answering Defendants further deny the existence of any policy, custom or practice amounting to deliberate indifference.

52. Answering paragraphs 57 continued, 58, 59, 60 and 61 of the "Supporting Facts" continued on page identified as "3-J," Answering Defendants aver that the records speak for themselves as to Plaintiff's medical care and conditions To the extent that these paragraphs contain assertions that are not addressed within the records, they are herein denied. Answering Defendants herein deny that they, their agents or their employees deprived Plaintiff of his civil rights and further deny any and all allegations of liability or

damages against them under any state, federal or common law.  Answering Defendants further deny the existence of any policy, custom or practice amounting to deliberate indifference.

53.  Answering paragraphs 62, 63, 64 and 65 of the "Supporting Facts" continued on page identified as "3-K," Answering Defendants aver that the records speak for themselves as to Plaintiff's medical care and conditions   To the extent that these paragraphs contain assertions that are not addressed within the records, they are herein denied.  Answering Defendants herein deny that they, their agents or their employees deprived Plaintiff of his civil rights and further deny any and all allegations of liability or damages against them under any state, federal or common law.  Answering Defendants further deny the existence of any policy, custom or practice amounting to deliberate indifference.

## COUNT II

54.  The paragraphs alleged in COUNT II do not require a response from Answering Defendants because COUNT II was dismissed without prejudice per the Court's May 14, 2019 Order (Doc. 9).  To the extent that any of the allegations in COUNT II of Plaintiff's Complaint may require a response from Answering Defendants, they are herein denied.  Answering Defendants herein deny that they, their agents or employees deprived Plaintiff of his civil rights and further deny any and all allegations of liability or damages against them under any state, federal or common law.  Answering Defendants further deny the existence of any policy, custom or practice amounting to deliberate indifference. Answering Defendants specifically deny that Plaintiff is entitled to any relief whatsoever, including any declaratory relief, injunctive relief, court order, compensatory damages, restitution, nominal damages, punitive damages, attorney's fees, litigation costs, interest or any other relief whatsoever.

**COUNT III**

55. The paragraphs alleged in COUNT III do not require a response from Answering Defendants because COUNT III was dismissed without prejudice per the Court's May 14, 2019 Order (Doc. 9). To the extent that any of the allegations in COUNT III of Plaintiff's Complaint may require a response from Answering Defendants, they are herein denied. Answering Defendants herein deny that they, their agents or employees deprived Plaintiff of his civil rights and further deny any and all allegations of liability or damages against them under any state, federal or common law. Answering Defendants further deny the existence of any policy, custom or practice amounting to deliberate indifference. Answering Defendants specifically deny that Plaintiff is entitled to any relief whatsoever, including any declaratory relief, injunctive relief, court order, compensatory damages, restitution, nominal damages, punitive damages, attorney's fees, litigation costs, interest or any other relief whatsoever.

**REQUEST FOR RELIEF**

56. Answering paragraphs A, B, C and D of this section on page 6, Answering Defendants deny the allegations contained therein. Answering Defendants specifically deny that Plaintiff is entitled to any relief whatsoever, including any declaratory relief, injunctive relief, court order, compensatory damages, restitution, nominal damages, punitive damages, attorney's fees, litigation costs, interest or any other relief whatsoever. Answering Defendants further deny the existence of any policy, custom or practice amounting to deliberate indifference. Answering Defendants herein deny that they, their agents or their employees deprived Plaintiff of his civil rights and further deny any and all allegations of liability or damages against it under any state, federal or common law.

**GENERAL DEMAND**

57. Answering Defendants deny any and all allegations set forth in Plaintiff's Complaint which are not specifically admitted herein.

**JURY DEMAND**

58. Answering Defendants demand a trial by jury of all triable issues.

## **AFFIRMATIVE DEFENSES**

1. The Plaintiff is not entitled to any relief under 42 U.S.C. § 1983.

2. Answering Defendants deny that Plaintiff has been denied any right protected by the United States Constitution, the United States Code, or any state constitutions or laws.

3. Plaintiff fails to state a claim upon which relief may be granted.

4. Plaintiff has failed to exhaust administrative remedies as required by the Prison Litigation Reform Act (PLRA), thereby warranting dismissal of the case. *See* U.S.C. §1997e(a).

5. Answering Defendants allege that Answering Defendants, including their agents and employees, were acting under legal process, with good, sufficient and probable cause to be so acting, and that the actions of Answering Defendants, including their agents and employees, were in good faith and without malice.

6. Answering Defendants allege that Answering Defendants, including their agents and employees, acted in good faith at all times, without malice, and without the requisite state of mind necessary for Plaintiff to prevail on a claim of deliberate indifference.

7. Answering Defendants allege that Plaintiff has failed to set forth the requisite showing of subjective intent necessary to sustain a cause of action alleging a constitutional violation, thereby warranting dismissal of this lawsuit.

8. Answering Defendants allege that Plaintiff has failed to set forth a grave deprivation in regard to the allegation that a constitutional violation has occurred, thereby warranting dismissal of this lawsuit.

9. Answering Defendants allege that there existed no conduct in this case motivated by an evil intent or motive, nor did any conduct involve reckless or callous indifference to the rights of Plaintiff, thereby precluding punitive damages.

10. Answering Defendants allege that any actions by Answering Defendants, including their agents and employees, furthered a legitimate and important governmental interest in maintaining the safety and security of the prison, thereby warranting dismissal of Plaintiff's claims.

11. Answering Defendants allege that any actions by Answering Defendants, including their agents and employees, furthered a legitimate interest in providing appropriate care and treatment to Plaintiff, thereby warranting dismissal of Plaintiff's claims.

12. Answering Defendants deny that Plaintiff has suffered any cognizable injuries or damages as a result of any acts or omissions on the part of Answering Defendants, their agents or their employees.

13. Plaintiff's injuries are due to his own negligence or recklessness. Any injury to Plaintiff is caused wholly by his own actions. Answering Defendants cannot be responsible for Plaintiff's comparative negligence.

14. Answering Defendants plead the affirmative defense of contributory negligence and assumption of risk.

15. Answering Defendants plead the affirmative defense of failure to mitigate damages.

16. Answering Defendants affirmatively assert that they are not liable for the policies and procedures of an outside provider, facility and/or any non-party at fault.

17. Answering Defendants affirmatively allege that they did not breach any duty owed to Plaintiff.

18. Answering Defendants affirmatively allege the damages alleged by Plaintiff were not casually connected to the alleged actions of Answering Defendants, their agents or their employees.

19. This Court lacks subject matter jurisdiction due to the fact that, even if the Plaintiff's allegations should be proven, the allegations against Answering Defendants

would amount to mere negligence at best, which is not recognized as a deprivation of the Plaintiff's constitutional rights.

20. Plaintiff merely disagrees with his course of medical treatment, which is not actionable under 42 U.S.C. § 1983.

21. Plaintiff alleges only a difference of opinion among his medical providers, which is not actionable under 42 U.S.C. § 1983.

22. Answering Defendants are not responsible for the policies of the Arizona Department of Corrections.

23. Answering Defendants deny committing any act of bad faith or breaching any duty owed to Plaintiff.

24. Answering Defendants deny that they, their agents or their employees committed any act or omission which caused or contributed to Plaintiff's alleged injuries or otherwise subjected Plaintiff to an unreasonable risk of harm.

25. The injuries and damages alleged in the Complaint, if any, were proximately caused by the acts or the omissions of third persons and entities for which Answering Defendants are not liable.

26. Plaintiff's injuries and damages, if any, were caused in whole or in part by the negligence of other parties and/or non-parties at fault.

27. In order to avoid waiver, Answering Defendants assert the following defenses should discovery reveal these defenses are appropriate, specifically, the affirmative defenses set forth in Rule 8(c), F.R.C.P. and Rule 12.

28. Plaintiff's claims are barred by the statute of limitations.

29. Answering Defendants reserve their right to amend their affirmative defenses and to add new affirmative defenses in the event future discovery reveals the existence of or need for such.

**WHEREFORE**, having fully answered Plaintiff's Complaint, Answering Defendants Corizon Health, Inc., Charles Ryan and Carrie Demery, HSA pray for judgment against the Plaintiff as follows:

1. Dismissing the Complaint and all claims stated therein <u>with prejudice</u>;

2. Awarding Answering Defendants such other and further relief as the Court deems just and reasonable under the circumstances.

RESPECTFULLY SUBMITTED this 22nd day of July, 2019.

**QUINTAIROS, PRIETO, WOOD & BOYER, P.A.**

By: /s/Ellen Burno
Anthony J. Fernandez
Ellen B. Burno
*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on this 22nd day of July, 2019, I electronically transmitted the foregoing with the Clerk of the Court using the CM/ECF system for filing, with copies submitted by U.S. mail to the following recipients:

**Shalek E Modee**
#145289
FLORENCE-AZ-EYMAN-ASPC-MEADOWS
11-B-21L
MEADOWS UNIT
P.O. BOX 3300
FLORENCE, AZ 85132
*Plaintiff*

By: /s/Kenya Owens